# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARIS RAMIREZ-ALVAREZ, | : | CIVIL NO. 1:13-CV-1753 |
| | : | |
| Petitioner, | : | (Judge Kane) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| THOMAS DECKER, et al., | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This case is the second of two petitions filed by Aris Ramirez-Alvarez, a convicted felon and immigration detainee, and currently pending before this Court. Both petitions raise identical legal issues and claims relating to what the petitioner regards as prolonged detention pending removal.

In the first of these two cases, Ramirez-Alvarez v. Decker, 1:12-CV-2126, we appointed counsel for the petitioner, conducted a hearing, and accepted extensive pre and post hearing submissions from the parties. Having carefully considered these submissions, we have now issued a Report and Recommendation addressing the merits of these claims advanced by Ramirez-Alvarez, which recommended that the petition be denied, in part, and granted, in part.

1

While the Court was examining the issues raised in this case through Ramirez-Alvarez's counseled petition, the petitioner filed the instant action, a second, *pro se* and substantively identical federal habeas corpus petition. Given the fact that we have now issued a Report and Recommendation in Ramirez-Alvarez's initial counseled habeas corpus petition, it is recommended that this second, subsequent and substantively identical petition be dismissed as moot.

**II. Discussion**

The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). In the context of habeas corpus petitions mootness questions often turn on straightforward factual issues. Thus:

> [A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631(1982). This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit."Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury

traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477(citations omitted).

DeFoy v. McCullough, 393 F.3d 439, 441-442 (3d Cir. 2005)

The mootness doctrine often applies with particular force to habeas petitions filed in immigration matters. In the context of federal habeas petitions brought by immigration detainees, it is well-settled, in a variety of factual contexts, that official action addressing the underlying concerns raised by an alien's petition renders that petition moot. Burke v. Gonzales, 143 F. App'x 474 (3d Cir. 2005); Gopaul v. McElroy, 115 F. App'x 530 (3d Cir. 2004). Thus, for example, the deportation of an alien makes an immigration habeas petition moot; see Lindaastuty v. Attorney General, 186 F. App'x 294 (3d Cir. 2006); the release of an immigration detainee from ICE custody renders moot any further complaints regarding the fact of that detention, Sanchez v. Attorney General, 146 F. App'x 547 (3d Cir. 2005); the expiration of an alien's criminal sentence may renders a petition moot, Contant v. Lindsay, 473 F. App'x 109 (3d Cir. 2012); a ruling on an Adjustment of Status application renders a habeas corpus petition moot, Gopaul v. McElroy, 115 F. App'x 530, 532 (3d Cir. 2004); and the entry of a final order of removal renders moot any pre-removal detention delay claims. Ufele v. Holder, 473 F. App'x 144, 146 (3d Cir. 2012).

This principle applies in the instant case and calls for dismissal of this second *pro se* petition filed by Ramirez-Alvarez. Here, we have addressed the merits of Ramirez-Alvarez's claims in the prior, identical, counseled petition filed by the petitioner, by proposing that the petition be granted, in part, and denied, in part. In light of this proposed disposition in the prior petition filed by Ramirez-Alvarez, it is submitted that this subsequent *pro se* petition, which raised identical claims, should now be dismissed as moot.

### III. **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus, IT IS ORDERED that the petitioner's motion for leave to proceed in forma pauperis is GRANTED (Doc.2), but IT IS RECOMMENDED that the Petition be DISMISSED as moot.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of December, 2013.

               **_S/Martin C. Carlson_**
               Martin C. Carlson
               United States Magistrate Judge